UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| ROSWELL HOSPITAL CORPORATION d/b/a EASTERN NEW MEXICO MEDICAL CENTER,<br><br>    Plaintiff/Counterclaim<br>    Defendant,<br><br>v.<br><br>PATRICK SISNEROS and JANE DOE SISNEROS, a/k/a "Tammie McClain,"<br><br>    Defendants/Counterclaim<br>    Plaintiffs. | No. 09-CV-451 BRB/WPL |

ORDER GRANTING DEFENDANTS'/COUNTERCLAIM PLAINTIFFS'
MOTION TO REMAND

BALDOCK, Circuit Judge.[*]

In June 2008, Roswell Hospital Corporation ("RHC") filed a complaint in New Mexico State District Court seeking collection of $12,730.49 in outstanding medical fees from Patrick Sisneros and Tammie Sisneros McClain (the "Sisneroses"). RHC never pursued its claim and the state district court dismissed the matter in February 2009 for lack of prosecution. Thereafter, the state district court revived the case, granting the Sisneros's Motion to Reinstate. The Sisneroses subsequently filed an

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

answer and counterclaim to RHC's original complaint. The counterclaim alleged various violations of state law, including breach of contract, unjust enrichment, unfair trade practices, misrepresentation, tortious collection practices, and racketeering.

RHC filed a notice of removal on May 7, 2009, transferring the Sisneros's action to this Court. In its notice of removal, RHC alleged that the prior dismissal of its original complaint rendered it the true defendant in this action—as the Sisneros's counterclaim was the only cause of action still at issue. The Sisneroses now move the Court to remand the case back to New Mexico State District Court arguing removal was improper because (1) RHC cannot remove as the original plaintiff in this action, and (2) the case does not concern a federal question. The Court agrees with RHC that it is the true defendant. Because no substantial federal question exists, however, the Court grants the Sisneros's Motion to Remand.

I.

Plaintiffs are not permitted to remove actions from state court to federal court. See Hamilton v. Aetna Life and Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993); 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3731, at 251 (1998) (noting that removal is allowed "only by the state court defendants"). Further, removal is authorized only based upon claims brought against defendants and "not on the basis of counterclaims, cross-claims, or defenses asserted by [defendants]." 14C, Federal Practice and Procedure § 3731, at 253 (emphasis omitted). Thus, if the

Court were to find that RHC is the plaintiff in this case, remand would be automatic. RHC argues, however, that the New Mexico State District Court improperly reinstated the case under New Mexico law and, therefore, the Sisneros's action should qualify as an entirely new claim—not a counterclaim.  The result, RHC contends, is that it should be designated as the true defendant, thereby permitting its notice of removal.

The Court need not decide the propriety of the New Mexico State District Court's decision to reinstate the case.  The Supreme Court has long recognized that it is the federal courts' duty to "look beyond the pleadings, and arrange the parties according to their sides in the dispute."  City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (citation and quotations omitted); see also 14C, Federal Practice and Procedure § 3731, at 255-56 ("Federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, and the federal court may realign the parties according to their real interests . . ., before deciding whether a true 'defendant' is seeking removal to federal court.").  Thus, to determine jurisdiction, the Court must look to "the realities of the record," City of Indianapolis, 314 U.S. at 69, and determine whether the parties are properly aligned.  See Symes v. Harris, 472 F.3d 754, 761 (10th Cir. 2006) (discussing realignment in the context of determining whether diversity jurisdiction was present).

Here, for all intents and purposes, RHC's original claim was dead.  The New Mexico State District Court had dismissed the action and RHC made clear it had no

3

plans of pursuing its original claim against the Sisneroses. In fact, the Sisneroses only became aware of RHC's original claim *after* the New Mexico State District Court informed both parties that the case had been dismissed. Further, in response to the Sisneros's Motion to Reinstate, RHC disavowed any interest in collecting on the alleged debt and requested that the case remain dismissed.

The record makes clear that the *only* reason this case was brought back to life was to allow the Sisneroses to file a counterclaim. During the New Mexico State District Court hearing on the Sisneros's Motion to Reinstate, the following discussion took place:

> [Counsel for RHC]: [I]f the [Sisneroses] wish to answer, there is no reason to answer. The case is dismissed without prejudice. [RHC] would prefer that. It's my inclination that the [Sisneroses] wish to answer [b]y counterclaim and sue our clients. There is [sic] different avenues for that, Judge. That's for them to file a complaint against [RHC].
>
> The Court: Or reinstate this case and file a counterclaim. Motion is granted.

In other words, regardless of whether the New Mexico State District Court was legally authorized to reinstate the original complaint, the record demonstrates that the "principal purpose" of this case is actually the Sisneros's claims against RHC. New Mexico ex rel. Reynolds v. Molybdenum Corp. of America, 570 F.2d 1364, 1366 (10th Cir. 1978). In order to properly reflect the realities of this litigation, the Court must "align the parties accordingly." Id. The Court, therefore, grants RHC's request to realign the parties. As such, RHC is the defendant to this action and is

4

procedurally permitted to remove the case to federal court. See 28 U.S.C. § 1446(a) (noting that a "*defendant* or *defendants*" may remove a civil action in state court to federal court) (emphasis added). Despite having won the battle on the parties' alignment, however, RHC may still lose the war. Because both parties are citizens of New Mexico, the Court must determine whether federal question jurisdiction exists.

II.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for a case to "arise under" federal law, the face of a well-pleaded complaint must establish that (1) federal law creates the cause of action, or (2) a plaintiff's right to relief depends on a substantial question of federal law. See Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1232 (10th Cir. 2006). Here, it is clear that state law, not federal law, creates each of the Sisneros's causes of action against RHC.[1] Accordingly, the Court is only concerned with the second scenario in which a case arises under federal law, *i.e.*, whether the Sisneros's state-law claims raise a substantial federal question. Id.

The appearance of a federal question on the face of a complaint is not enough to confer federal jurisdiction. See id. To warrant federal jurisdiction, the state-law

---

[1] RHC does not argue that federal law creates the Sisneros's claims.

5

claim must "raise a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). The Supreme Court has made clear that "a slim category" of cases will actually meet the stringent requirements needed to raise a substantial federal question. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 701 (2006). If, however, a case does fall within this "slim category," it may be removed to federal court. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.").[2]

      The party seeking removal bears the burden of demonstrating that federal jurisdiction exists. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); see also United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001) ("[F]ederal courts do not presume jurisdiction to exist but require an adequate showing of jurisdiction from the party invoking it."). All doubts must be resolved against federal jurisdiction and removal. See id. at 1280; Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). Finally, as long as a single cause of action pursued by the plaintiff comes within the original jurisdiction

---

[2] Here, RHC argues that the Sisneros's claims arise under federal law pursuant to § 1331, and therefore seek removal to federal court under § 1441.

of this Court, removal is proper for the whole case.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983).

RHC argues that this case "arises under" federal law based upon the alleged violations of the New Mexico Racketeering Act.  Specifically, RHC contends that the state racketeering claim rests upon the Sisneros's allegations that RHC attempted to defraud the federal Medicare and Medicaid programs for its own profit.  Because the racketeering claim relies upon the complex federal reimbursement schemes of Medicare and Medicaid—so the argument goes—a disputed and substantial federal question pervades, such that the case should be removed to federal court.  The Court disagrees.

A.

The complaint[3] does not make clear that the Sisneros's claims are entirely dependent upon the allegations of Medicare and Medicaid fraud.[4]  See Hillcrest Health Ctr., 264 F.3d at 1280 (noting that all doubts are resolved against removal). The alleged fraud against Medicare and Medicaid is not the only fraud referenced in the complaint—it also alleges fraud against RHC's indigent patients.  New Mexico defines "fraud" as "the intentional misappropriation or taking of anything of value which belongs to another by means of fraudulent conduct, practices or

---

[3] Because the Court has realigned the parties, hereinafter the Sisneros's counterclaims will be referred to as the "complaint."

[4] Under New Mexico law, fraud can serve as a predicate act to a Racketeering claim.  See N.M. Stat. Ann. § 30-42-3(A)(6).

representations." N.M. Stat. Ann. § 30-16-6. Here, the Sisneroses allege that RHC intentionally and fraudulently overcharged indigent patients and misrepresented the debt owed by those patients in order to obtain default judgments against them in New Mexico State Court. Nothing about those facts involves a federal question. Rather, they implicate a fraud committed under *New Mexico* law, by a *New Mexico* hospital, against *New Mexico* patients. Thus, without even taking into account any fraud against Medicare and Medicaid, the facts alleged by the Sisneroses are likely sufficient to support their racketeering claim.

Accordingly, the purported Medicare and Medicaid fraud is only an additional and unnecessary theory to support the Sisneros's racketeering claim. Superfluous theories in support of state-law claims—while they may involve federal questions—are not sufficient to provide a basis for federal jurisdiction. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988) (noting that a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories); Franchise Tax Bd., 463 U.S. at 26 (noting that lack of federal jurisdiction was supported by the fact that reasons outside the federal statute could provide a basis for the plaintiff's relief).

B.

Even if the alleged Medicare and Medicaid fraud were essential to support the Sisneros's racketeering claim, jurisdiction would still be lacking. Namely, RHC has failed to demonstrate that the federal issue presented by the alleged Medicare and

Medicaid fraud is "substantial." See Grable & Sons, 545 U.S. at 314. Time and again, state courts have been charged with policing contracts and fraud involving Medicare and Medicaid. See, e.g., Zahl v. Harper, 282 F.3d 204, 212 (3d Cir. 2002) (holding state court proceedings against a doctor for Medicare fraud should not be enjoined because states have a primary interest in matters of health and safety and should be allowed to regulate the behavior of its physicians); Ardary v. Aetna Health Plans of California, Inc., 98 F.3d 496, 499, 502 (9th Cir. 1996) (action alleging negligence and misrepresentation was remanded to state court despite the defendant's argument that the claims involved denial of Medicare benefits); Olsen v. Quality Continuum Hospice, Inc., 380 F. Supp. 2d 1225, 1228 (D.N.M. 2003) (holding that case was improperly removed even though plaintiff alleged that a Medicare provider breached contract and denied coverage solely on the basis of its financial interest).

While part of the alleged scheme may involve Medicare and Medicaid funds, that does not mean a "substantial" federal question exists. See Empire Healthchoice, 547 U.S. at 696-98 (noting that reimbursements credited to a federal fund, while creating a federal interest, do not necessarily confer federal jurisdiction). Rather, the fraud involving Medicare and Medicaid is only tangentially related to the fraud against the Sisneroses, *i.e.*, the alleged overcharging and tortious billing practice of RHC. See id. at 700 (recognizing that the "state court in which the . . . suit was lodged is competent to apply federal law, to the extent it is relevant, and would seem best positioned to" resolve the dispute). Moreover, the Sisneroses seek damages

9

under state law and do not seek recovery of any of the benefits conferred to RHC under the Medicaid and Medicare programs. See Ardary, 98 F.3d at 499-500 (noting in support of its remand that the plaintiffs were seeking damages under state law and not Medicare benefits); Olsen, 380 F. Supp. 2d at 1231 (recognizing in its decision to remand that plaintiffs were not seeking to recover Medicare benefits, but damages under state law).

RHC argues that the Sisneroses are simply trying to hijack a qui tam, False Claims Act (FCA) case against RHC that is pending in federal court. The Court sees little significance in this fact. RHC's insistence that a similar, active FCA action somehow confers federal jurisdiction is flawed in two major respects. First, the argument that the FCA precludes the Sisneroses from bringing a class action suit against RHC is a *defense* to the Sisneros's claims. A defendant's assertion of a defense based on federal law is not a proper basis for removal. See Nicodemus, 440 F.3d at 1232.

Second, the FCA has nothing to do with the Sisneros's private claims of damages. Simply because the United States has intervened and is seeking recovery of benefits paid to RHC—it does not mean RHC's billing practices could not also give rise to viable, private state-law claims. As discussed, the Sisneroses are *not* seeking recovery of any monies paid by the federal government to RHC. The Court does not see any "identifiable federal policy or interest" that should prevent private litigants from suing local hospitals in state court for their tortious billing

practices—merely because part of those billing practices involved receiving federal funds through Medicare and Medicaid. Empire Healthchoice, 547 U.S. at 693; see also Ardary, 98 F.3d at 501 ("The removal of the right to sue the private Medicare provider for its torts would result in an inequitable and substantial dilution of the rights of patients.").

The Court disagrees with RHC's attempts to paint this case as one involving the grand scheme of Medicare and Medicaid regulation. City of Chicago v. Comcast Cable Holdings, 384 F.3d 901, 904 (7th Cir. 2004) (recognizing that a contract dispute does not "arise under" federal law simply because the contract is subject to limits imposed by federal law). The allegations and damages sought here concern the specific billing relationship between RHC and indigent patients receiving care from RHC. See Empire Healthchoice, 547 U.S. at 700 (noting that the fact-bound, situation-specific quality of the case weighed against federal jurisdiction).[5] Accordingly, the Court is not concerned that allowing the New Mexico State District Court to resolve this case will somehow frustrate the overall goals and objectives of the Medicare and Medicaid programs. See United States v. Kimbell Foods, Inc., 440 U.S. 715, 727-28 (1979) ("Controversies directly affecting the operations of federal

---

[5] Admittedly, the complaint makes consistent reference to RHC's alleged attempts to defraud the Medicare and Medicaid programs. Nevertheless, the Sisneros's actual claims for damages involve the billing practices between RHC and its indigent patients, not the monies paid to RHC by the federal government. See 13D, Federal Practice and Procedure § 3566, at 262 (noting that courts "will look only to the claim itself and ignore any extraneous material").

programs, although governed by federal law, do not inevitably require resort to uniform federal rules.").

The exercise of federal question jurisdiction requires "prudence and restraint." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 810 (1986). Because RHC has failed to carry its burden demonstrating that the Sisneros's claims contain a substantial federal question, jurisdiction is lacking here and the Court must remand this case to New Mexico State District Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III.

The Sisneroses also request an award of costs and attorney's fees for the filing of their Motion to Remand. When remanding an action to state court, district courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. The Supreme Court, however, has instructed that, "*[a]bsent unusual circumstances*, courts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added). If "an objectively reasonable basis exists, fees should be denied." Id.

The Court cannot conclude that RHC lacked an objectively reasonable basis for seeking removal. See id. (noting that district courts retain discretion to determine

whether unusual circumstances require an award of attorney's fees).  First, as reflected in this Court's decision, RHC was reasonable in considering itself to be the true defendant in the current action.  Second, the Sisneros's complaint makes general claims against RHC which consistently refer to the federal Medicare and Medicaid programs.  Finally, the complaint makes analogies to a similar action already in federal district court.  Accordingly, this case does not qualify as one of those unusual circumstances warranting an award of costs and fees.  See id. at 140 ("[T]here is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases.").

IV.

For the foregoing reasons, the Sisneros's "Motion to Remand" (Doc. # 9) is GRANTED under 28 U.S.C. 1447(c).  The Sisneros's request for "costs and expenses, including attorneys' fees" (Doc. # 9) is DENIED.  Finally, RHC's request for oral argument (Doc. # 20) is DENIED.

SO ORDERED.

    Entered for the Court
    this the 27th day of July, 2009

    _____
    Bobby R. Baldock
    United States Circuit Judge
    Sitting By Designation